UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. McLAREN and RAMONA H. McLAREN, <br><br> Plaintiffs, <br><br> v. <br><br> RECONSTRUST COMPANY, N.A, *et al.,* <br><br> Defendants. | Civil No. 10cv2090 L(NLS) <br><br> **ORDER GRANTING IN PART MOTION TO DISMISS THE SECOND AMENDED COMPLAINT [doc. #28] and REMANDING ACTION TO STATE COURT** |

Defendants move to dismiss *pro se* plaintiffs' second amended complaint ("SAC"). Plaintiffs oppose the motion. The Court considers this motion on the papers submitted and without oral argument.

**A.  Background**

On September 26, 2006, plaintiff Ramona McClaren obtained a cash-out refinance loan of $268,000.00 from Countrywide Home Loans, Inc. for property located in Alpine, California. The promissory note on the loan was dated September 21, 2006 ("Note"). Plaintiff executed a Deed of Trust encumbering the property.

Countrywide, plaintiff's lender, was dismissed with prejudice in the state court and is not a party in this action. Named defendants, BAC Homeloans Servicing, LP (BAC) – the loan servicer; Mortgage Electronic Registration Systems (MERS) – the original beneficiary under

plaintiffs' Deed of Trust; The Bank of New York Mellon fka The Bank of New York, as trustee for CWABS, Inc. (BNY) – the current beneficiary under plaintiffs' Deed of Trust; ReconTrust Company, N.A. (ReconTrust) – the Trustee; and Landsafe Title of California, Inc. (Landsafe) – signed the Notice of Default as attorney in fact, are alleged to have failed to provide plaintiff with documents or disclosures that are required by law.

Plaintiff and her husband failed to make payments in connection with the loan. On October 6, 2009, a Notice of Default was recorded. Plaintiffs failed to bring the loan payments current. Foreclosure proceedings were initiated. On December 21, 2009, MERS assigned its beneficial interest under the Deed of Trust to BNY.

On December 24, 2009, plaintiffs filed this action in the Superior Court of the State of California, in and for the County of San Diego. They filed a first amended complaint on March 2, 2010. On April 7, 2010, the Notice of Trustee's Sale was recorded but the property has not been sold at foreclosure.

On October 7, 2010, after Countrywide, plaintiff's lender, was dismissed from the action, BAC, ReconTrust and Landsafe removed the action on the basis of federal question jurisdiction. On March 21, 2011, plaintiffs filed a second amended complaint that defendants move to dismiss.

**B.     Legal Standard**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a).  A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir .1988). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Ashcroft v. Iqbal* 129 S. Ct 1937, 1950 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(A complaint cannot survive a motion to dismiss unless it provides "sufficient factual matter, . . . to 'state a claim to relief that is plausible on its face.'"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949. In determining facial plausibility, whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

Further, as a general rule, the court may not consider materials beyond the pleadings in ruling on a Rule 12(b)(6) motion but an exception to this general rule is that a "court may take judicial notice of matters of public record . . . as long as the facts noticed are not subject to reasonable dispute." *Skilstaf, Inc. v. CVS Caremark Corp.*, 2012 WL 400369, *16, n.9 (9th Cir. 2012)(citing *Intri–Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir.2007) (citation and internal quotation marks omitted); *see also Tellabs, Inc. v. Makor Issues & Rights,*

*Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys; however, the Court cannot supply essential elements of a claim that are not pleaded. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**C.  Discussion**

Plaintiffs' *pro se* complaint alleges fourteen causes of action based on defendants' purported failure to provide various disclosures and fraud. They seek rescission of the loan only.

**1.  TILA**

Under TILA. lenders are required to disclose certain information to borrowers. If a lender fails to comply with the disclosure requirements, borrowers are given the right to rescind a home-secured loan by providing prompt notice to the creditor. If the borrower alleges that "proper notice of rescission rights is not delivered to the consumer at the time of closing, and the lender fails to cure the omission by subsequently providing the proper information, the consumer's usual right to rescind within three days of closing is extended to three years." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163 (9th Cir. 2002). Specifically, § 1635(f) provides:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor.

15 U.S.C. § 1635(f).

The Ninth Circuit recently held that "Section 1635(f) is therefore not merely a statute of limitations – it completely extinguishes the underlying right itself." *McOmie–Gray v. Bank of America Home Loans*, 2012 WL 390167, *2 (9th Cir. 2012).

In the present case, plaintiff executed the loan on September 21, 2006, and filed the

complaint on December 24, 2009. Because § 1635(f) is a statute of repose, it extinguished plaintiffs' right to rescission on September 21, 2009, three years after the consummation of the loan. As a result, plaintiffs cannot seek rescission of the loan under TILA and the first four causes of action must be dismissed with prejudice.

As noted above, plaintiffs seek rescission of the loan only and not damages. Nevertheless, the Court will broadly construe plaintiffs' second amended complaint as seeking damages for purported violations of TILA based on the lender's alleged disclosure omissions.

TILA provides a one-year statute of limitation from the signing of the loan documents for damages claims. 15 U.S.C. § 1640(e); *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). But equitable tolling may "suspend the limitations period until the borrower discovers or had a reasonable opportunity to discover the fraud or nondisclosures . . . ." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Equitable tolling requires more than just the plaintiff's ignorance of the claims. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). Thus,

> equitable tolling does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing. Instead it focuses on whether there was excusable delay by the plaintiff. If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing until the plaintiff can gather what information he needs.... However, equitable tolling does not postpone the statute of limitations until the existence of a claim is a virtual certainty.

*Santa Maria*, 202 F.3d at 1178 (citation omitted).

In order to be entitled to equitable tolling, plaintiffs must plead facts showing an excuse for late discovery of the facts underlying their cause of action. *Prudential Home Mortgage Co. v. Superior Court*, 66 Cal. App.4th 1236, 1247 (1998). Plaintiffs bear the burden to "show diligence" and "conclusory allegations" will not withstand dismissal. *Fox v. Ethicon Endo–Surgery, Inc.*, 35 Cal.4th 797, 808 (2005).

The SAC lacks any allegations to support entitlement to equitable tolling. There are no allegations that defendants prevented plaintiffs from comparing what documents they received to the TILA disclosure requirements, *see Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 79 (9th

Cir.1996) (no evidence suggested that lender concealed its alleged breach), or that plaintiffs made any efforts to discover their claims in a timely manner. Accordingly, to the extent plaintiffs seek damages under TILA, the first through fourth causes of action are dismissed with prejudice.

**2.    RESPA**

Although unclear, plaintiffs may be attempting in their first four causes of action to assert RESPA claims under 12 U.S.C. § 2601, *et seq.*. But the law is clear, there is no private right of action for failure to provide RESPA disclosures including a HUD-1 statement. Even if such a right existed, which it does not, the claim would be against the lender. In the present case, the lender, Countrywide, has been dismissed with prejudice from this action. Accordingly, to the extent plaintiffs seek relief for defendants' alleged failure to provide disclosures under RESPA in their first through fourth causes of action, the claims are dismissed with prejudice.

**3.    Fifth Cause of Action**: **Violation of Fair Credit Reporting Act**

Plaintiffs assert that although defendants provided plaintiffs with a credit report disclosure, they failed to provide plaintiffs with their current credit score in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681(g)(g).

The FCRA, which was amended as the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"), requires "disclosure of credit scores by certain mortgage lenders." But plaintiff's lender has been dismissed with prejudice from this action. Therefore, plaintiffs cannot state a claim under FACTA or the FCRA against the defendants.

Further, claims for such a violation must be brought within "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability," 15 U.S.C. § 1681p. Such claims accrue on the date of the loan transaction. *Hawkins v. First Horizon Home Loans*, No. S–10–1876 FCD/GGH, 2010 U.S. Dist. LEXIS 124529 at *18–19, 2010 WL 4823808 (E.D. Cal. Nov. 22, 2010). Even if the Court applies the equitable tolling doctrine from the TILA context, plaintiffs must present some "evidence of undisclosed credit terms, or of fraudulent concealment or other action on the part of [the loan originator] that prevented" him from discovering his claim. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).

Plaintiffs' SAC is devoid of any such allegations.

Accordingly, this cause of action will be dismissed with prejudice.

**4.      Sixth Cause of Action**: **Violation of Fair Credit Reporting Act**

In their sixth cause of action, plaintiffs allege that defendants failed to provide a notice that the lender would furnish negative credit information to credit reporting agencies as required by the FCRA.

The Court takes judicial notice of the Loan application that plaintiff completed that provides:

> In the event that my payments on the Loan becomes delinquent, the Lender, its servicers, successors or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer reporting agencies . . . "

(Request for Judicial Notice, Exh. 1, at 3.) The Court concludes, as a matter of law, that the notice requirements of the FCRA were met in the present case.

Further, there is no private right of action for violation of the provisions of 15 U.S.C. § 1681s-(a), which plaintiffs' acknowledge. SAC at 4.

Plaintiffs' cause of action under the FCRA is dismissed with prejudice.

**5      Eleventh Cause of Action: Violation of Fair Debt Collection Practices Act**

Plaintiffs allege that the "Notice of Default And Election to Sell (Exhibit A) is a document, which attempts to collect a debt" and "the lender or it's [sic] authorized agent" failed to disclose that they were attempting to collect a debt. SAC at 5.

The FDCPA does not apply to the actions taken by lenders or their agents when foreclosing on the lender's security interest under a deed of trust, in a non-judicial foreclosure of property. *See, e.g., Garcia v. American Home Mortg. Serv., Inc.*, 2011 WL 6141047 at *4 (N.D. Cal. Dec.9, 2011) ("non-judicial foreclosure does not constitute 'debt collection' as defined by the [FDCPA]"); *Garfinkle v. JPMorgan Chase Bank*, 2011 WL 3157157 at *3 (N.D.Cal. July 26, 2011) (collecting cases for the proposition that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the FDCPA). Foreclosing on the property under a deed of trust is not the collection of a debt within the meaning of the FDCPA.

Plaintiffs cannot maintain a claim under the FDCPA based on alleged actions made concerning the foreclosure; therefore, the FDCPA claim is dismissed without leave to amend.

### 6. Supplemental Jurisdiction

Defendants removed this action on the basis of federal question jurisdiction rather than diversity jurisdiction. (Notice of Removal at 3.) All of plaintiffs' federal causes of action have been dismissed with prejudice, *i.e.*, without leave to amend. Under 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." Accordingly, the Court declines to exercise supplemental jurisdiction over plaintiffs' state law claims, and does not reach the merits of those causes of action.

### D. Conclusion

Based on the foregoing, **IT IS ORDERED:**

1. **GRANTING** defendants' motion to dismiss the federal causes of action without leave to amend;

2. **REMANDING** the remaining state law claims to the Superior Court of the State of California, in and for the County of San Diego; and

3. **DIRECTING** the Clerk of the Court to close this case.

**IT IS SO ORDERED.**

DATED: March 1, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL